United States District Court
Southern District of Texas
**ENTERED**
October 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAMEAH HELAIRE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-3546 |
| | § | |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, *et. al.*, | § § § § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Texas Department of Family and Protective Service's Motion to Dismiss Plaintiff's Original Complaint (Document No. 7). Having considered the Defendant's motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is a matter involving alleged civil rights violations under 42 U.S.C. § 1983. Plaintiff, Nameah Helaire, contends that the Texas Department of Family and Protective Services ("DFPS") and several DFPS agents violated her parental rights by "submitting misleading documentation" and refusing to "return calls."[1] Plaintiff

---

[1] *Plaintiff's Complaint*, Document No. 1 at 7.

further contends that DFPS's actions caused her "emotional distress, mental trauma, reputational harm, loss of time, safety, and disruption of family life[.]"[2]

Based on the foregoing, on July 30, 2025, Plaintiff filed suit in this Court pursuant to federal question jurisdiction asserting claims against Defendant DFPS; DFPS employees Melanie Turner, Salena Williams, Cyntera Jnofinn, and Martha Wilkins; and individuals Cecilia Weisberg and Martha Wilkins for alleged violations of her Constitutional rights. On September 18, 2025, Defendant DFPS filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff did not respond to DFPS's motion to dismiss by the date required under the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[2] *Plaintiff's Complaint*, Document No. 1 at 7.

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

DFPS moves to dismiss Plaintiff's claim, contending that Plaintiff fails to state a claim upon which relief can be granted and that the court lacks subject matter jurisdiction. Plaintiff did not timely respond to DFPS's motion to dismiss, failing to rebut or offer evidence to counter DFPS's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motion to dismiss, the Court will consider the merits of Plaintiff's claim against DFPS. The Court construes all *pro se* filings liberally. *See Erickson v. Paradus*, 551 U.S. 89, 94 (2007).

Plaintiff alleges that DFPS "agents filed or supported false allegations and submitted misleading documentation to the court, triggering a wrongful

3

investigation and violations of [her] parental rights."[3] In response, DFPS contends that they are entitled to sovereign immunity, that Plaintiff's claim is barred by the statute of limitations, and that "Plaintiff has failed to plead a cause of action for which relief can be granted."[4] Plaintiff offers no rebuttal.

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Lefall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Most pertinent here, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff alleges that her parental rights were violated by DFPS agents. In response, DFPS contends in part that they are "not a 'person' for purposes of § 1983, meaning that Plaintiff has failed to plead a cause of action against DFPS as she only brought a § 1983 claim."[5] DFPS further contends that "even if DFPS could

---

[3] *Plaintiff's Complaint*, Document No. 1 at 7.

[4] *Defendant Texas Department of Family and Protective Service's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 7 at 3–4.

[5] *Defendant Texas Department of Family and Protective Service's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 7 at 5.

4

be considered a 'person' . . . Plaintiff fails to allege that a § 1983 violation occurred."[6] Plaintiff offers no rebuttal.

Based on the foregoing, and the Supreme Court's clear guidance that a State is not a person under § 1983, the Court finds that Plaintiff's § 1983 claim against DFPS fails to state a claim upon which relief can be granted, and thus, should be dismissed.[7][8]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Texas Department of Family and Protective Service's Motion to Dismiss Plaintiff's Original Complaint (Document No. 7) is **GRANTED**. The Court further

**ORDERS** that Defendant's Unopposed Motion to Stay Discovery (Document No. 15) is **DENIED AS MOOT**

---

[6] *Defendant Texas Department of Family and Protective Service's Motion to Dismiss Plaintiff's Original Complaint*, Document No. 7 at 5.

[7] Considering the Court's finding that Plaintiff's claim against DFPS fails to state a claim upon which relief can be granted, the Court declines to consider DFPS's arguments related to subject matter jurisdiction and the statute of limitations.

[8] The Court notes *Defendant's Unopposed Motion to Stay Discovery*, Document No. 15 at 1. Considering the Court's finding that Plaintiff's claim against DFPS should be dismissed, the Court finds that DFPS's Unopposed Motion to Stay Discovery (Document No. 15) should be denied as moot.

**ORDERS** that Plaintiff's claim against Defendant Department of Family and Protective Services is **DISMISSED**.

SIGNED at Houston, Texas, on this **23** day of October, 2025.

_____
DAVID HITTNER
United States District Judge